UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN BARRETT ) | CASE NO. 1:12CV2123 |
|     Plaintiff, ) | JUDGE JOHN R. ADAMS |
|   -vs- ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| COMMISSIONER ) | <u>AND ORDER</u> |
| OF SOCIAL SECURITY ) | |
|     Defendant. ) | |

This matter comes before the Court on the Interim Report and Recommendation of the Magistrate Judge, recommending that the Court deny the Commissioner's Motion to Dismiss.

For the reasons stated below, Magistrate Judge's R&R is hereby ADOPTED in whole. The Motion to Dismiss filed by the Commissioner is hereby DENIED.

**I.  Standard of Review**

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**II.  Procedural Background**

Plaintiff filed his application for social security benefits in April of 2009. This application was initially denied. On or about October 8, 2009, Plaintiff sought reconsideration of the denial. Plaintiff asserts that neither he nor his counsel received any communication regarding the status of his request for reconsideration, and therefore contacted the Social Security

1

Administration. Thereafter, on March 18, 2011, the Social Security Administration issued a notice of denial of Plaintiff's request for reconsideration. In turn, on March 23, 2011, Plaintiff requested a hearing before an Administrative Law Judge. On August 2, 2011, the ALJ concluded that Plaintiff's request for reconsideration had been denied on January 19, 2010, and therefore, Plaintiff's request for an ALJ hearing was dismissed as untimely. Plaintiff sought review of this decision by the Appeals Council, which on June 29, 2012, denied review.

On August 17, 2012, Plaintiff filed the instant complaint against the Commissioner of the Social Security Administration, seeking judicial review of Defendant's decision to dismiss his application for Social Security benefits. Specifically, Plaintiff asserts that he has a constitutional property interest in his disability benefits and was deprived this interest without due process of law. On October 22, 2012, Defendant filed its motion to dismiss Plaintiff's complaint. Defendant asserted that Plaintiff did not receive a final decision of the Commissioner after a hearing, which is required to entitle a claimant to judicial review. As such, the Defendant contends this Court is without subject matter jurisdiction to adjudicate this case. Plaintiff timely filed his opposition. On November 30, 2012, Defendant filed a reply. On December 1, 2012, Plaintiff filed leave to file a surreply, contending that Defendant raised new issues in its reply brief. On December 5, 2012, the Magistrate Judge granted Plaintiff's request and the surreply was deemed filed.

On December 5, 2012, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge noted that while the Social Security Act provides that a claimant may obtain a judicial review of "any final decision of the Commissioner of Social Security made after a hearing[,]" an exception is made when Plaintiff raises a colorable constitutional claim. Defendant recognizes this exception it its briefing, however, it asserts that Plaintiff has not raised

a colorable claim. To that end, the Magistrate Judge concluded that "to the contrary, Barret has sufficiently alleged a constitutional claim. More particularly, he has alleged a due process violation, i.e., a deprivation of a property interest without notice and a meaningful opportunity to be heard."

### III. Plaintiff's Objections to the R&R

As stated above, this Court's review of a Magistrate Judge's R&R is limited to the portions of the R&R to which a party *specifically* objects. In this case, Defendant has simply re-filed its "Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," Doc. 20, re-titled as "Defendant's Objections to the Magistrate Judge's Report and Recommendation." Doc. 23. Quite simply, a brief comparison of the two eight page documents reveals that Defendant merely changed the first sentence, the conclusion sentence and the caption.

Even a generous reading of this document does not meet the standard required by a party to adequately object to an R&R. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004). The purpose of objections to an R&R is to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985).

> A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district

>court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991).

*Block*, 327 F.Supp. at 747-48.

As such, this Court concludes that Defendant has failed to object to the interim R&R. Accordingly, the R&R is adopted in whole and the Defendant's motion to dismiss is denied.

### IV. Conclusion

Defendant's objections are DENIED. The Court ADOPTS the Magistrate Judge's Report and Recommendation. Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: April 22, 2013  */s/ John R. Adams*  
UNITED STATES DISTRICT JUDGE