IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN BARRETT, | ) | CASE NO. 1:12CV2123 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN BURKE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY,[1] | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

On May 2, 2013, the parties filed a Joint Stipulation to Remand to the Commissioner ("Joint Stipulation") wherein they report the terms of an agreement reached to resolve this case and request that the Court enter judgment remanding the case for a hearing before an Administrative Law Judge ("ALJ") on the merits of Plaintiff John Barrett's application for social security disability benefits. Doc. 37. Upon consideration, the undersigned recommends that the Court enter judgment reversing and remanding this case in accordance with the terms of the parties' Joint Stipulation.

## I. Procedural History

Plaintiff John Barrett ("Barrett") filed this action on August 17, 2012, alleging a Due Process violation consisting of the dismissal of his claim for benefits by the Social Security Administration ("Agency") without notice or an opportunity for a hearing. Doc. 1. On October 22, 2012, the Commissioner of Social Security ("Commissioner") filed a Motion to Dismiss and supporting brief, asserting that this Court lacked subject matter jurisdiction because the Agency's dismissal of plaintiff's claim was not a "final decision of the Commissioner . . . made after a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), she is hereby substituted for Michael J. Astrue as the Defendant in this case.

1

hearing" as required for judicial review under 42 U.S.C. § 405(g).  Doc. 9.  Following briefing by the parties, on December 5, 2012, the undersigned issued a Report and Recommendation ("R & R"), recommending that the Commissioner's Motion to Dismiss be denied.  Doc. 22.  The Commissioner objected to the R&R.  Doc. 23.  On April 23, 2013, United States District Judge John R. Adams adopted the R & R in whole and denied the Motion to Dismiss.  Doc. 35.

While the objection was pending, the case proceeded on the merits.  The Commissioner filed the transcript of administrative proceedings on January 18, 2013 (Doc. 29) and the parties fully briefed whether the Commissioner's dismissal of Plaintiff's claim and denial of his request for an administrative hearing constituted a deprivation of his constitutionally protected property interests without due process of law.  Doc. 30, Doc. 33, Doc. 34.

On May 2, 2013, after District Judge Adams denied the Commissioner's Motion to Dismiss, the parties filed their Joint Stipulation to Remand to the Commissioner.  Doc. 37.

## II.  Factual Background

On or about March or April, 2009, Barrett filed his application for social security benefits.  Doc. 1, ¶ 6, Tr. 64, 69.[2]  On September 4, 2009, the Bureau of Disability Determination of the State of Ohio initially denied Plaintiff's application.  Tr. 66.  On October 21, 2009, Barrett requested reconsideration of that denial.  Tr. 34, 65.  In March 2011, Barrett's counsel contacted social security regarding Barrett's request for reconsideration and was informed that it had been denied on January 19, 2010.  Tr. 10, 54.  Barrett's counsel advised the Agency that he had not received the January 19, 2010, notice of denial.  Tr. 10, 54.  The Agency

---

[2] Citations to the administrative record are cited as Tr. and correspond to the ECF page numbers for Doc. 29.

then issued a notice of denial of Barrett's request for reconsideration, which was dated March 18, 2011.[3]  Tr. 28.

Following receipt of the March 18, 2011, notice of denial, on March 23, 2011, Barrett requested a hearing before an ALJ on the denial.  Tr. 31.  The ALJ issued an Order of Dismissal of Barrett's claim on or about August 2, 2011.  Tr. 43-48.  The ALJ's decision stated that Barrett's request for reconsideration had been denied on January 19, 2010, making his March 23, 2011 request for a hearing before an ALJ untimely.  Tr. 47.  The ALJ stated that Barrett "filed the request for hearing more than 65 days after the date of the notice of reconsideration determination."  Tr. 47.  Having concluded that the request was untimely, the ALJ then considered whether Barrett had shown "good cause" and concluded that Barrett "ha[d] not established good cause for missing the deadline to request a hearing."  Tr. 47-48.  In reaching this conclusion, the ALJ stated that "the agency has not heard from the claimant as to why he didn't file at an earlier date, and there is no statement that the claimant did not receive the Notice of Reconsideration."[4]  Tr. 47-48.  Barrett requested review by the Appeals Council of the ALJ's Order of Dismissal, and the Appeals Council denied review on June 29, 2012.  Tr. 3.

In this action, Barrett asserted that neither he nor his counsel received a copy of the alleged January 19, 2010, denial of his request for reconsideration, which was referenced by the ALJ in his Order of Dismissal.  Doc. 1, ¶ 12.  Barrett alleges that the only denial he or his counsel received was the denial dated March 18, 2011.  Doc. 1, ¶ 13.  He further alleges that he timely filed a request for a hearing before an ALJ after receiving the March 18, 2011, denial.  Doc. 1, ¶ 18.  Barrett has supported these allegations with affidavits.

---

[3] The date "March 18, 2011," was handwritten on the notice of denial.  Tr. 28.

[4]  In his Order of Dismissal, the ALJ noted that Barrett's counsel had stated that he had not received any communication from the agency prior to March 2011 regarding the notice of denial but Barrett had not separately submitted such a statement.  Tr. 48.

3

### III. Parties' Proposed Joint Stipulation

The parties' Joint Stipulation provides, in part, that:

> Given this Court's prior ruling on the Commissioner's motion to dismiss and the newly submitted evidence regarding the allegedly late filing of Plaintiff's request for a hearing before an Administrative Law Judge, the parties believe that a remand is appropriate in this case.
>
> The parties agree that, on remand, having shown good cause for the allegedly late filing of the Plaintiff's request for a hearing before an Administrative Law Judge, Plaintiff will be provided the opportunity for an administrative hearing before an Administrative Law Judge on the merits of his case, and Plaintiff will receive a decision on the same.
>
> The parties also agree that Plaintiff hereby waives any and all claims for fees and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, incurred in the above captioned matter.

Doc. 37, p. 1.

### IV. Law and Analysis

The Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The Sixth Circuit has held that an individual seeking Social Security Disability benefits has a property interest in those benefits. *Flatford v. Chater*, 93 F.3d 1296, 1304-05 (6th Cir. 1996). Such an interest is thus protected by the Due Process Clause of the Fifth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). A party entitled to be heard must first be notified. *Baldwin v. Hale*, 68 U.S. 223, 233 (1863).

After a Social Security Disability claimant's application has been denied upon reconsideration, he or she may request a hearing before an ALJ. 20 C.F.R. § 404.900(a)(3). In order to request such a hearing, an applicant must submit a request within 60 days of receipt of

4

notice of the previous determination or decision, unless an extension of time has been granted. 20 C.F.R. § 404.933(b)(2). If a claimant demonstrates good cause for missing the deadline, the time period will be extended. 20 C.F.R. § 404.933(c).

Barrett has submitted affidavits from himself, his counsel James P. Martello, and his counsel's paralegal Heather Strauss. Doc. 30-1; Doc. 30-2; Doc. 30-3. All three aver that they did not receive the alleged January 19, 2010, denial upon reconsideration, but did receive the one dated March 18, 2011.[5] Doc. 30-1, p. 2; Doc. 30-2, p. 2; Doc. 30-3, p. 2. On March 23, 2011, in response to the March 18, 2011, notice, Barrett submitted a request for hearing. Tr. 31-32.

The foregoing supports the parties' agreement, in their Joint Stipulation to Remand, that Plaintiff had good cause for not timely submitting a request in response to the alleged January 19, 2010, denial of reconsideration. Since due process entitles Plaintiff to notice and an opportunity to be heard, a remand for a hearing before an Administrative Law Judge on the merits of Plaintiff's application is warranted.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes a Court to award costs, including fees and expenses of attorneys, to a "prevailing party." However, a "prevailing party" must make a request for such an award in accordance with the provisions of the EAJA and such an award is not mandatory. 28 U.S.C. § 2412 (a)(1) (indicating that costs . . . including the fees and expenses of attorneys, *may* be awarded . . .); 28 U.S.C. § 2412 (d)(1)(B) (setting forth requirements for requesting an award of fees). Since there is no requirement that

---

[5] The affidavits from Barrett and his counsel constitute a reasonable showing by the claimant of non-receipt of the alleged January 19, 2010, denial upon reconsideration. *See Foutty v. Comm'r of Soc. Sec.*, No. 5:10-CV-0551, 2010 WL 2756926, at *11-12 (N.D. Ohio June 8, 2010), report and recommendation adopted by *Foutty v. Comm'r of Soc. Sec.*, 2010 WL 2756940 (July 12, 2010) (holding counsel's affidavit testifying to non-receipt, combined with the Commissioner's failure to produce evidence demonstrating receipt, sufficient to show non-receipt by both counsel and client).

5

Plaintiff seek an award of EAJA fees and since an EAJA award is not automatic, Plaintiff's agreement to waive EAJA fees is compatible with the EAJA.

## V. Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends that the Court, in accordance with the parties' Joint Stipulation, enter judgment reversing and remanding this case to the Commissioner for a hearing before an Administrative Law Judge on the merits of Plaintiff John Barrett's social security application that is the subject of this action.

Dated: May 6, 2013

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).